**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO. 17-208-1** |
| | : | |
| **BASIL BEY** | : | |

**McHUGH, J.**                                                                    **March 31, 2025**

### MEMORANDUM

Petitioner Basil Bey stands convicted by a jury of conspiracy to distribute cocaine and heroin over a two-year period.  His direct appeal was unsuccessful, and he has brought a motion for relief pursuant to 28 U.S.C. § 2255.  I can discern no merit in the arguments he raises and will deny the motion without a hearing.

Mr. Bey asserts ineffective assistance in multiple ways, but his arguments are conclusory and in many respects mirror claims raised and already rejected on appeal.

He claims a lack of investigation by counsel before trial and on appeal but offers no specifics. He argues that counsel "failed to raise issues regarding jury instructions," when in fact there was lengthy discussion about the court's charge.  Moreover, on appeal his challenges to the jury instructions and special verdict form were considered and rejected by the Court of Appeals. *United States v. Wadley*. 2022 WL 1011693, 3rd Cir.(Pa.), Apr. 05, 2022.

Mr. Bey argues counsel failed to argue that a defendant must be "individualized."  It is not clear whether he advances this argument as to the guilt phase or the sentencing phase, but in either case it lacks merit.  As to the guilt phase, the jury was instructed that each defendant must be considered separately.  There were special interrogatories as to each defendant, both as to guilt and to drug quantities, and with respect to the heroin charge, counsel succeeded in clearing Mr. Bey of

responsibility for the largest amount attributed to him by the prosecution. See ECF 228, Jury Verdict slip. As to the sentencing phase, counsel secured authorization to retain a mitigation specialist, a request I rarely grant, and provided detailed information resulting in a dramatically reduced sentence. ECF 358.

Mr. Bey further argues with respect to sentencing that counsel failed to argue against application of an enhancement for use of a "stash house," but in fact this issue was specifically litigated. ECF 499 pp. 10-12.

Finally, Mr. Bey alleges that he was denied the right to cross examine witnesses and face his accuser but identifies no specific instance during trial where such denial purportedly occurred. The sole juncture where the right of confrontation may have been implicated was when case agents were permitted to testify as to their calculation of drug quantities, but a lengthy hearing was held testing their methodology, *see* ECF 341, and no error was found on appeal.

As to effectiveness, it bears mention that Mr. Bey was represented by Patrick Egan, Esquire, a Fellow of the American College of Trial Lawyers, who vigorously and effectively advocated for his client. Mr. Bey was cleared on a charge that he trafficked more than a kilogram of heroin, and counsel secured a sentence of 198 months against a Guideline range of 360 months to life.

In sum, there is no colorable merit to a claim of ineffective assistance.


 /s/ Gerald Austin McHugh
United States District Judge